UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GEORGE JESSE WHITE, II                                          PLAINTIFF

V.                        No. 4:23-CV-658-DPM-JTR

SCOTT MONTGOMERY, Sheriff,
Sheriff Dep't; CLIFFORD, Deputy,
Sheriff Dep't; YOUNGBLOOD,
Deputy, Sheriff Dep't; and WILSON,
Deputy, Sheriff Dep't                                          DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.  Introduction

On July 18, 2023, Plaintiff George Jesse White, II ("White"), a pretrial detainee incarcerated in the Conway County Detention Center, filed a *pro se* § 1983

Complaint[1] alleging that Perry County Sheriff Scott Montgomery, along with Deputies Clifford, Youngblood, and Wilson, violated his constitutional rights while he was incarcerated in the Perry County Detention Center ("PCDC"). *Doc. 2*. Upon initial screening of White's Complaint,[2] the Court found his allegations failed to state a claim upon which relief may be granted and gave him the chance to submit an Amended and Substituted Complaint to cure the defects in his pleading. *Doc. 6*. White has filed his Amended and Substituted Complaint. *Doc. 7*. The Court will now continue screening his claims.

## II.     Allegations

In his Amended and Substituted Complaint, White sued Montgomery, Clifford, and Youngblood in their official capacities only. *Doc. 7 at 1–2*. White did not name Wilson as a Defendant in his Amended Complaint, and made no allegations against Wilson in his statement of claim.

---

[1] White also filed two documents he titled as "Amended Complaint." *Docs. 3, 4*. In these documents, White only identified witnesses. He did not make additional allegations or legal claims. Accordingly, the Court treated those two documents as notices, rather than as pleadings that require screening pursuant to the Prison Litigation Reform Act.

[2] The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

White alleges that on June 22, 2022, Youngblood and Clifford violated PCDC policy by failing to physically search Frederick Lewis, a convicted murderer, before they brought him into the facility. *Id. at 5*. Clifford asked White "to go into booking" with Lewis and Jailer Jeremiah Story. *Id*. Story then asked White to go with him and Lewis to the bathroom; White complied. *Id*. A struggle ensued. Lewis began fighting with Story and White, bit White on the hand, and pulled a 9mm pistol from his shorts. *Id*. Lewis shot and killed Story. *Id*. White and Lewis were still fighting when Clifford entered the bathroom and tazed Lewis. *Doc. 7 at 5–6*. White took the gun from Lewis and gave it to Youngblood. *Id. at 6*.

White was a trustee at the time of the incident. *Id*. He says Clifford and Story never should have asked him to help with Lewis. *Id*. White also complains that he was not provided with mental health treatment. *Id*.

### III.   Discussion

White's Amended Complaint should be dismissed for failure to state a claim on which relief may be granted because he did not establish that a policy, custom, or failure to train or supervise was the driving force behind the alleged violation of his rights.

White sued Defendants in their official capacities only. "A suit against a government officer in his official capacity is functionally equivalent to a suit against

the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). White's official capacity claims, then are the equivalent of claims against Perry County.

A municipality like Perry County is a "person" as that term is used in 42 U.S.C. § 1983. For the purposes of White's claims here, the Defendants are Perry County. White can establish liability against Perry County by showing that a constitutional violation was the result of an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom. *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 699 (8th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)). But a municipality may not be held liable "solely because it employs a tortfeasor." *Szabla v. City of Brooklyn Park, Minnesota*, 486 F.3d 385, 389 (8th Cir. 2007).

White alleges that Youngblood and Clifford violated PCDC policy by failing to search Lewis before he was brought into the detention center. PCDC official policy, then, required a search. As such, White cannot establish liability based on an official policy.

White has not alleged that any Defendant was deliberately indifferent to or tacitly authorized an unlawful unofficial custom. Nothing in White's Amended Complaint indicates that officers customarily brought arrestees or detainees into the

PCDC without searching them. Further, White has not asserted any failure to train or supervise evidenced by a pattern of similar unconstitutional violations of which any Defendant was aware. There are no allegations that any similar event had happened in the past. White even alleges in his Complaint that Youngblood and Clifford acted in "neglect of duty, negligent tort . . . ." *Doc. 7 at 5*. As mentioned above, however, White cannot establish municipal liability only because the municipality employs tortfeasors. Mere negligence is not sufficient to support a cause of action under § 1983. *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 908 n.5 (8th Cir. 2020).

     The Court notes that even if White had sued Defendants in their personal capacities, those claims as set out in White's Amended Complaint would fail. White did not allege that any Defendant knew that Lewis posed a substantial risk of harm to White, but ignored that risk. *Glaze v. Byrd*, 721 F.3d 528, 531 (8th Cir. 2013). White says Lewis was a convicted murderer at the time he was brought into the PCDC. However, White makes no allegations suggesting that any of the Defendants knew or had any reason to believe that Lewis might act violently toward White or anyone else during Lewis's routine booking in the PCDC.

     Lastly, White's entirely conclusory allegation that he was not provided "mental health help" is not supported by any facts. *Doc. 7 at 6*. As the Court held in

5

*Iqbal*, "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. Conclusion

As a matter of law, White's Amended Complaint fails to state a viable § 1983 claim for relief. Accordingly, it should be dismissed, without prejudice.

IT IS THEREFORE RECOMMENDED THAT:

1. Wilson be TERMINATED as a party to this action.

2. White's Amended Complaint (*Doc. 7*) be DISMISSED, without prejudice, for failure to state a claim on which relief may be granted.

3. The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 142 S. Ct. 2837 (2022).

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 25th day of September, 2023.

_____
UNITED STATES MAGISTRATE JUDGE